# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREA D. PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:19CV329 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Andrea D. Prince brought this action to obtain review of a final decision of the Commissioner of Social Security[1] denying her claims for disability insurance benefits. The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 14, 16, 20).[2]

## I. PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on March 23, 2015, alleging a disability onset date of June 23, 2014. (Tr. 270.)[3] The application was denied. (*Id.* at 279,

---

[1] Andrew Saul was confirmed as the Commissioner of Social Security on June 4, 2019 and was sworn in on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's motion is titled as "Motion to Prove Disability," which the Court construes as a motion for judgment.

[3] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 14.)

280, 281.)[4] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 290.) After a hearing on September 1, 2017 (*id.* at 205-269), the ALJ determined that Plaintiff was not disabled through December 14, 2017 (*id.* at 162). Plaintiff requested review of the decision by the Appeals Counsel, which was denied on September 17, 2018 (*id.* at 1), making the ALJ's decision the final decision for purposes of review. While Plaintiff was represented by counsel during her hearing and in her application to the Appeals Counsel (*see id.* at 16, 205), she now proceeds *pro se* (*see* Complaint, Docket Entry 1).

**II. STANDARD FOR REVIEW**

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court is not whether Plaintiff is disabled but whether the finding that she is not disabled is supported by substantial evidence and based upon a correct application of the relevant law. *Id.*

---

[4] It appears that that the reconsideration step was passed over in accordance with the Social Security Administration's procedures to test modifications to the disability determination process pursuant to 20 C.F.R. § 404.906(a). (*See* Docket Entry 21 at 4, n. 2.)

2

## III. THE ALJ'S DECISION

After finding that Plaintiff met the insured status requirement through December 31, 2020, (Tr. 150), the ALJ largely followed the well-established sequential analysis to ascertain whether the claimant is disabled. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 23, 2014. (Tr. 150.) The ALJ next found the following severe impairments at step two: cervical degenerative disc disease and right shoulder tendinopathy and impingement. (*Id.*) The ALJ then found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in, 20 C.F.R. Part 404, Subpart P Appendix 1. (*Id.* at 152.)

The ALJ next set forth Plaintiff's Residual Functional Capacity ("RFC") and determined that she could perform light work as defined by 20 C.F.R. 404.1567(b), except that

> she can lift and/or carry ten pounds occasionally and lesser weights frequently with her right upper extremity. She can occasionally perform postural activities, but cannot climb ladders, ropes or scaffolds or crawl. She can occasionally push and/or pull with her right upper extremity, but never reach overhead with her right upper extremity. She can frequently handle and finger with her right upper extremity. She cannot operate a motor vehicle or heavy machinery or be exposed to unprotected heights.

(Tr. 153) At the fourth step, the ALJ determined that Plaintiff could perform past relevant work as a benefits clerk, intake clerk, administrative clerk and insurance clerk, and therefore was not disabled. (*Id.* at 161-162.) The ALJ did not engage in step-five analysis to determine whether Plaintiff could perform other work.

## IV. ISSUE AND ANALYSIS

Plaintiff does not assign any particular error to the ALJ's decision, but instead asks the Court to generally review her case, including evidence added to the record after the ALJ's hearing. (Docket Entry 16 at 1.)[5] The Court concludes that substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

### A. Steps Two and Three

To begin, the Court will consider the ALJ's analysis at steps two and three.[6] At step two, the ALJ found that Plaintiff suffered from two severe impairments: cervical degenerative disc disease and right shoulder tendinopathy and impingement. (Tr. 150.) Substantial evidence supports this finding.[7] (*Id.* at 482, 857 897.) Turning to step three, the ALJ determined that none of Plaintiff's impairments, either singly or in combination, met or

---

[5] In her complaint, Plaintiff lists two causes of action. (Compl. ¶ C.) The first—that the ALJ's decision is not supported by evidence—is addressed in detail in this recommendation. The second is addressed here. Plaintiff contends that the ALJ's decision violated her civil rights because the ALJ "describe [sic] [her] with a mean and prejudice [sic] demeanor." (*Id.*) The Court notes that Plaintiff fails to raise her civil rights argument in her motion or brief (*see* Docket Entries 16-19) and the Court thus treats the claim as abandoned. *See Newton v. Astrue,* 559 F. Supp. 662, 670-671 (E.D.N.C. 2008) (holding that a Social Security claimant had abandoned an issue when she failed to brief it or provide the court "any supporting discussion, argument, or authority"). In any event, the Court finds Plaintiff's civil rights cause of action to be vague, conclusory, and unsupported by the evidence.

[6] Because the ALJ's analysis at step one—that Plaintiff had not engaged in substantial gainful activity since her alleged onset date—is favorable to the Plaintiff, Plaintiff presumably does not challenge that finding. (*See* Tr. 150.) Therefore, the Court will not address it further.

[7] Although the record reflects an additional diagnosis of adjustment disorder with mixed anxiety, depressed mood and cannabis dependence/abuse, substantial evidence supports the conclusion that this impairment is non-severe. (*See* Tr. 826-829.) Though Plaintiff alleged additional impairments, including a trigger finger on her left hand (*Id.* at 255), the ALJ's conclusion that those impairments are not medically determinable is supported by substantial evidence (*see id.* at 503-504, 835, 849).

4

medically equaled any of the Commissioner's listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 152.) Substantial evidence supports these findings. In particular, the ALJ considered the listings in sections 1.02 (major dysfunction of joint) and 1.04 (disorders of the spine). (*Id.*) To apply, Listing 1.02 requires "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined by 1.00B2b" or "[i]nvolvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02. "Inability to perform fine and gross movement effectively means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 1.00B2c. Here, Plaintiff does not allege involvement of a peripheral weight-bearing joint and the record demonstrates that she still has the ability to perform fine and gross movements. (*See* Tr. 828, 831, 842, 941). Therefore, Listing 1.02 does not apply. Additionally, Plaintiff does not meet Listing 1.04 which requires, *inter alia*, "compromise of a nerve root (including the cauda equina)", 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04, because, while she has degenerative disc disease, the evidence in the record does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord.

### B. **Plaintiff's RFC**

The Court next considers the ALJ's determination of Plaintiff's RFC. The RFC measures the most a claimant can do in a work setting despite the physical and mental

5

limitations of her impairment and any related symptom (*e.g.*, pain). *See* 20 C.F.R. § 404.1545(a)(1); *see also Dunn v. Colvin*, 607 F. App'x 264, 272 (4th Cir. 2015) (unpublished) (claimant's RFC is "[a] medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s).") (internal citation omitted); *Hines v. Barnhart,* 453 F.3d 559, 562 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981).

"Social Security Ruling 96-8p explains that the RFC 'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (internal quotations omitted). An ALJ need not discuss every piece of evidence in making an RFC determination. *See Reid v. Commissioner of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). However, the ALJ "must build an accurate and logical bridge from the evidence to [the] conclusion." *Brown v. Commissioner*, 873 F.3d 251, 269 (4th Cir. 2017). As to the role of the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very

6

heavy." SSR 96-8p, 1996 WL 374184, at *1.

In support of his RFC finding, the ALJ discussed Plaintiff's testimony, including her contention that she had no use of her right arm due to a work-related shoulder-injury (Tr. 153-154.) The ALJ also discussed numerous medical examinations Plaintiff underwent between June 23, 2014, when she reported to the emergency room with an injured right shoulder, and August 2017. (*Id.* at 154-157.) Many of these examinations included findings and observations inconsistent with Plaintiff's testimony regarding her ability to use her right arm. For example, in a June 23, 2014 emergency-room examination of her right-shoulder injury, Plaintiff demonstrated full range of shoulder motion. (*Id.* at 508.)

The ALJ then proceeded to note that he found Plaintiff lacked credibility, writing that

> at the hearing, [Plaintiff] provided an exaggerated presentation, inconsistent with the objective findings of the record. For example, she was observed to be squeezing a stress ball in her right hand. She then swung her arms around to demonstrate what she would be doing if not squeezing the stress ball, which is inconsistent with someone with right shoulder, arm and hand symptoms as severe as alleged. While the record documented that she had decreased right grip strength and a decreased range of right shoulder motion, [Plaintiff] did not demonstrate any abnormal movements or use of a stress ball at her medical visits (Ex. 1F/6, 10-11; 5F/149, 166, 174; 18F/1). While she stated that she could not grip anything with her left hand due to a left trigger finger, she was observed at the hearing to throw her cane up and catch it with her left hand. The undersigned also notes that in July 2014, medical providers remarked that [Plaintiff's] examination presentation was exaggerated and she gave poor effort (Ex. 5F/15, 24.) [Plaintiff's] work history report at 17E also contained significant inconsistencies in comparison to other descriptions of work, which required extensive clarification at the hearing. Although her exaggerated performances and the inconsistencies may not be the result of a conscious intention to mislead, nevertheless the inconsistencies and exaggerations

7

>suggest that the information provided by [Plaintiff] generally may
>not be entirely reliable.

(Tr. 157.) The ALJ also noted that, despite numerous recommendations from physicians that Plaintiff undergo cervical spine surgery, she declined in lieu of continuing with conservative treatment measures. (*Id.*) The ALJ then discussed opinion evidence regarding Plaintiff's physical and mental limitations. (*Id.* at 158-161.)

Substantial evidence thus supports the ALJ's RFC determination, and other than the additional evidence addressed below, Plaintiff does not point to any evidence that would undermine such a finding.

### C. Step Four

The Court also considers the ALJ's determination at step four that Plaintiff could perform past relevant work as a benefits clerk, intake clerk, administrative clerk, and insurance clerk. (Tr. 161.) The ALJ properly relied on testimony from a vocational expert that a person with the same age, education and work background, and residual functional capacity as the claimant could perform the benefits clerk, intake clerk, and administrative clerk jobs as generally performed. (*Id.* at 263-264.) Substantial evidence therefore supports the ALJ's step-four analysis.

### D. Additional Evidence

In her request to the Appeals Counsel to review the ALJ's decision, Plaintiff provided additional evidence in support of her claim.[8] The Appeals Council declined to consider this

---

[8] The additional evidence has been included in the Administrative Record before this Court. (Tr. 8-15, 17-39, 42-144, 168-204.) Additionally, in her motion, Plaintiff states that she had accepted

additional evidence and this Court now reviews that decision. The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. Once the ALJ renders a decision, the claimant is permitted to submit additional evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991). The Appeals Council must consider evidence submitted by a claimant with the request for review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision. *Id.* at 95-96. Evidence is new if it is not duplicative or cumulative. *See id.*, 953 F.2d at 96. Evidence is material if there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. § 416.1470(a)(5) (2017). When the Appeals Council decides to deny review, it need not provide any explanation of its reasoning. *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011.) "In evaluating whether remand is necessary, we view the administrative record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's decision." *Parham v. Comm'r of Soc. Sec.*, 627 F. App'x 233, 233 (4th Cir. 2015) (unpublished) (citing *Wilkins*, 953 F.2d at 96).

Here, Plaintiff submitted additional evidence—records from Buffalo MRI, Lindsey Clark, MD, Morgante Family Chiropractic, Sisters Hospital Massage Therapy, UBMD Family

---

a part-time customer service position with Circle K at some unspecified time but was forced to resign due to her being unable to perform the job given her alleged disabilities. (Docket Entry 16 at 3.) The Court does not consider this work history due to it not being included in the record before either the ALJ or the Appeals Counsel.

9

Medicine, Millard Fillmore Suburban Hospital, Great Lakes Medical Imaging, UBMD Orthopaedics and Sports Medicine, UBMD Family Medicine of Amherst, David Newberger MD, and Sisters of Charity Hospital—and the Appeals Council determined that evidence either "did not relate to the period at issue" or "show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) The Appeals Council therefore found no basis for granting Plaintiff's request for review and did not exhibit the additional information into the record.[9] (*Id.*) This Court determines that the Appeals Council did not err in declining to consider the additional evidence because the evidence is either unrelated to the time period at issue or does not show a reasonable probability that it would change the outcome of the decision.

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the

---

[9] Where, as here, the Appeals Council declines to accept additional evidence, some courts in the Fourth Circuit consider an appeal of that issue under "sentence six" of 42 U.S.C. § 405(g), rather than "sentence four." *See, e.g.*, *Barts v. Colvin*, No. 4:13-CV-23, 2014 WL 3661097, *9 n.6 (W.D.Va. July 22, 2014) (unpublished) (collecting cases). As explained above, the sentence four factors are that the evidence must be (a) new; (b) material; and (c) relate to the period on or before the date of the ALJ's decision. *Wilkins*, 953 F.2d at 95-96. The sentence six factors are that the evidence (a) must be relevant to the determination of disability at the time the application was initially filed; (b) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (c) there must be good cause as to why the claimant failed to submit the evidence when the claim was before the Commissioner; and (d) the claimant must make at least a general showing of the nature of the newly submitted evidence to the reviewing court. *See, e.g., Doll–Carpenter v. Comm'r*, 4:11-CV-28, 2012 WL 5464956, at *4 (W.D.Va. May 7, 2012) (unpublished) (citing *Miller v. Barnhart*, 64 Fed. App'x. 858, 859 (4th Cir. 2003). The Court need not resolve the issue of which sentence applies here because, given their overlapping nature—particularly with respect to relevance and materiality—the result remains the same. *See Barts*, 2014 WL 3661097, at *9 n.6 (unpublished) (finding that "the additional evidence submitted by [plaintiff] to the Appeals Council [was] not material, a standard applicable under both sentence four and sentence six," thus the court "need not further address which sentence would apply" had the case resulted in remand).

Commissioner's decision is legally correct and supported by substantial evidence. Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion to Prove Disability (Docket Entry 16) be **DENIED**, Defendant's Motion for Judgment on the Pleadings (Docket Entry 20) be **GRANTED**, and the final decision of the Commissioner be upheld.

_____
Joe L. Webster
United States Magistrate Judge

January 24, 2020
Durham, North Carolina